In the

# United States Court of Appeals
## For the Seventh Circuit

No. 24-1831

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MICHAEL MALINOWSKI,

*Defendant-Appellant.*

Appeal from the United States District Court for
the Northern District of Illinois, Eastern Division.
No. 1:21-cr-00032-1 — **Steven C. Seeger,** *Judge.*

SUBMITTED JANUARY 23, 2025 — DECIDED FEBRUARY 21, 2025

Before HAMILTON, SCUDDER, and JACKSON-AKIWUMI,
*Circuit Judges.*

SCUDDER, *Circuit Judge.* Michael Malinowski challenges a
12-month federal sentence for violations of his supervised re-
lease and seeks to modify the terms of his new period of su-
pervision. We find no error with his 12-month sentence and
affirm that aspect of the district court's judgment. But we va-
cate two of his new supervised release conditions and remand
to allow the district court to revisit and revise them.

**I**

In 2008 Malinowski pleaded guilty to receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2). A district court in the Southern District of New York sentenced him to 150 months' imprisonment followed by a lifetime of supervised release. Malinowski's release conditions required him to participate in sex-offender treatment, to refrain from committing another crime, and to avoid deliberate contact with children—including entering schools. Malinowski completed his sentence and began his term of supervised release in 2018.

Malinowski later moved to the Northern District of Illinois and the probation office there took over his supervision. In 2021, shortly after his move, Malinowski underwent a psychosexual assessment as part of his sex-offender treatment. Based on the results, a treatment provider recommended that Malinowski refrain from accessing any pornography. A probation officer then proposed modifying the terms of his supervised release to add the following condition:

> You shall not possess or have under your control any pornographic, sexually oriented, or sexually stimulating materials, including visual, auditory, telephonic, or electronic media, computer programs, or services. You shall not patronize any place where such material or entertainment is available. You shall not use any sex-related telephone numbers.

Malinowski, who did not have counsel at the time, waived his right to a hearing on the modification, and the district court imposed the proposed condition.

Malinowski first violated his supervised release conditions in 2022, when he cashed a fraudulent check. He pleaded guilty to forgery in state court in 2023, and probation then sought to revoke his federal supervised release based on the state court conviction as well as his failure to attend a mandated therapy session. The district court declined to revoke supervised release at that time but admonished Malinowski to review and comply with his release conditions. The court warned that it would take seriously any further violations.

A week later, a monitoring device on Malinowski's phone flagged another potential violation of his release conditions. The device captured a photograph of Malinowski with a child inside a school. At a hearing before the district court, Malinowski explained that the child in the photograph was his sister's granddaughter. He said he had given his sister, who uses a wheelchair, a ride to her granddaughter's basketball game and only briefly entered the school. The district court questioned Malinowski's credibility and emphasized that his release conditions categorically and without exception prevented him from entering schools. The district court ultimately found Malinowski guilty of three violations: cashing a fraudulent check in violation of state law, failing to attend a therapy session, and entering a school.

The district court then imposed a revocation sentence of 12 months—two months above the high-end of the advisory range set out in the Sentencing Guidelines but below the statutory maximum of 24 months. See 18 U.S.C. § 3583(e)(3). In explaining the sentence, the district court discussed and applied the factors set forth in 18 U.S.C. § 3553(a). The court recognized Malinowski's military service and medical conditions as mitigating factors. But the court also found the

explanation for entering the school unpersuasive and underscored that Malinowski had committed a violation one week after it warned him to review his release conditions. And when speaking directly to the decision to sentence above the Guidelines range, the court stressed Malinowski's history of noncompliance with the conditions and the risk he posed to children by entering a school.

In imposing its sentence, the district court also discussed a brief text message exchange between Malinowski and an adult woman. The monitoring device on Malinowski's phone had captured the limited exchange—though neither the probation office nor the government mentioned the texts in their requests for revocation. Still, the district court brought up the texts and expressed concern that they were "erotic" and "graphic" in nature. The court acknowledged that the texts did not violate Malinowski's release conditions but found them relevant to "his history, his story, [and] his characteristics." The messages "trouble[d]" the district court, making it "wonder if" Malinowski was "a defendant who [was] able to change" or if he was instead "hardwired to pose a threat to the community going forward."

From there, the district court modified the conditions of supervised release, which will apply after Malinowski completes his revocation sentence in March 2025. Only two conditions are relevant on appeal.

First, the district court imposed a condition barring possession of all "sexually stimulating materials"—identical to the one the probation office first proposed in 2021. Malinowski objected that the condition was not necessary. He contrasted this condition with another proposed condition (to which he had no objections) allowing the district court to bar

possession of such materials if a "treatment provider determine[d]" it likely to assist the treatment process. Malinowski acknowledged that a treatment provider had recommended three years earlier that he refrain from accessing any pornography. But he emphasized that, upon completing his revocation sentence, he would likely start a new round of treatment with a different provider—one who would be better able to determine the necessity of such a condition. For now, Malinowski continued, it was "too early" to impose the condition "without the necessary evaluations," especially given the breadth and strictness of the pornography limitation. The district court disagreed, finding that nothing in the record suggested the condition was no longer necessary.

Second, the district court imposed a condition prohibiting Malinowski from residing with children or being in his home with them. When the district court adopted the condition at the sentencing hearing, it included language clarifying that children could not enter Malinowski's home "when [he was] present." The written judgment, however, omitted this clarification—instead prohibiting children from entering his residence "at any time." In short, the district court's oral pronouncement of the condition conflicted with its written judgment.

Malinowski now appeals his 12-month sentence and the two release conditions.

**II**

We begin with a preliminary but important matter of procedure. In our court, Malinowski has filed an unopposed motion to expedite this appeal and waive oral argument. Though Malinowski timely filed a notice of appeal in May 2024, the

district court did not approve his request for the relevant sentencing transcripts until October 2024. That delay left Malinowski's counsel without the necessary transcripts for appeal until November 2024. Malinowski understandably now urges us to resolve his appeal before his expected release from prison on March 13, 2025. Otherwise, Malinowski contends, the challenge to his term of imprisonment risks becoming moot.

We grant Malinowski's motion. The five-month delay he experienced in the district court's approving his request concerns us, especially when time was of the essence for his appeal. The reasons for the delay are unclear, but it is unfortunate that it put Malinowski in the position of having to waive oral argument at the risk of mooting his appeal.

### III

That brings us to the merits of Malinowski's appeal.

### A

Malinowski contends that the district court procedurally erred at sentencing by imposing an above-Guidelines sentence as punishment for constitutionally protected activity: his exchange of sexually explicit text messages with a consenting adult. We review alleged procedural errors at sentencing without deference. See *United States v. Jerry*, 55 F.4th 1124, 1130 (7th Cir. 2022). A district court can commit procedural error by "failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007).

We see no error. The sentencing transcript shows that the district court relied on permissible considerations, namely Malinowski's history of noncompliance and the seriousness of his entry into a school while children were present. Indeed, the district court emphasized those factors specifically—and not the text messages—when explaining its decision to impose a variance. And we must affirm where, "[t]aken as a whole," the record "demonstrate[s] that the court based its sentence on considerations authorized by law." *United States v. Saldana-Gonzalez*, 70 F.4th 981, 985 (7th Cir. 2023) (citation omitted).

But we owe a few words on the district court's discussion of the text messages. The district court commented on the text at length despite recognizing that nothing about it—a very limited exchange between two adults about sexual activity they had engaged in—was illegal or in any way a violation of a supervised release condition. At one point the district court wondered aloud whether the text messages showed that Malinowski was "hardwired to pose a threat to the community."

The statement gives us substantial pause, for we do not know what to make of it. Perhaps it was no more than an awkwardly phrased observation about Malinowski's criminal history. But it could also be read as sweeping and ambiguous commentary on Malinowski's character. At the very least, the statement was beside the point and unnecessary. Sometimes less is more.

In the final analysis, however, our review of the entire transcript shows that the district court adequately grounded Malinowski's sentence in the § 3553(a) factors. And it is on that basis that we affirm the 12-month sentence.

B

We turn now to the two challenged release conditions. Malinowski contends that the first condition is unconstitutional and the second inconsistent with the district court's oral pronouncement.

1

Though we typically review constitutional challenges to conditions of supervised release without deference, a defendant may waive such challenges. See *United States v. Flores*, 929 F.3d 443, 449 (7th Cir. 2019). Malinowski maintains that the release condition barring him from possessing any "sexually stimulating materials" or patronizing any places where such material is available is overbroad and unconstitutionally vague. For its part, the government does not defend the condition on the merits, urging instead that Malinowski waived his ability to appeal it on constitutional grounds.

We do not see any waiver on this record. Malinowski objected to the condition at the hearing, asserting that it was unjustifiably strict absent a recommendation from a treatment provider. To be sure, Malinowski did not cast his objection in constitutional terms, but it does not follow that he intentionally relinquished a known right. See *United States v. Olano*, 507 U.S. 725, 733 (1993) (defining waiver); see also *Flores*, 929 F.3d at 449 (finding waiver where "[w]e can reasonably infer" that a defendant's decision not to object to a specific condition "was strategic and intentional"). At most, then, Malinowski forfeited his constitutional challenge.

We review forfeited challenges for plain error. See *Olano*, 507 U.S. at 734. And our review here can be brief because the government does not attempt to defend the condition and

instead concedes that a remand is warranted to permit the condition to be revisited under the standards we articulated in *United States v. Adkins*. See 743 F.3d 176, 194 (7th Cir. 2014) (determining that a broad supervised release condition "prohibit[ing] viewing or listening to sexually stimulating material" is unconstitutional). We accept the invitation and vacate the condition.

2

That brings us to Malinowski's challenge to the inconsistency between the district court's oral pronouncement and its written judgment. In the event of a conflict, an unambiguous oral pronouncement governs over a written judgment. See *United States v. Johnson*, 765 F.3d 702, 710–11 (7th Cir. 2014).

The parties agree that the district court's oral pronouncement of the condition barring children from entering Malinowski's home conflicts with the written judgment. And the parties further agree that the district court's oral pronouncement unambiguously limited the condition to apply only when Malinowski is present. That leaves us to vacate the condition so the district court can correct the written judgment on remand.

\* \* \*

For these reasons, we AFFIRM Malinowski's sentence but VACATE the two challenged supervised release conditions. On remand, the district court should revise the first challenged condition so that it is consistent with this opinion and *Adkins* and, with respect to the second challenged condition, correct the written judgment to match the court's oral pronouncement. The mandate shall issue immediately.